C. C. OGILVIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17769.   Promulgated December 17, 1927.

*H. D. Minor, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

606

608

OPINION.

LANSDON : Section 1211 of the Revenue Act of 1926 is as follows:

SEC. 1211. Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

If petitioner received the salary the taxation of which is here involved as " compensation for personal services " either as an officer or as an employee of the State of Tennessee, any taxes imposed by the Revenue Acts of 1921 or 1924 are abated under the provisions of this section. The only questions before us for decision are,

(1) Were the payments of salary herein received by petitioner " for personal services as an officer " of the State of Tennessee ?, and

(2) Were they received " for personal services as an employee " of the State ?

Petitioner alleges that he is an officer of the State of Tennessee. Each State in the Federal Union determines, for itself, the qualifications of its officers. Tennessee, among other qualifications, has

declared in Article 10 of its Constitution, adopted in 1870, at Section 1:

Every person who shall be chosen or appointed to any office of trust or profit under this constitution, or any law made in pursuance thereof, shall, before entering on the duties thereof, take an oath to support the constitution of this state, and of the United States, and an oath of office. Shannon, 1916.

Special oaths of office are prescribed by law for clerks of court and their deputies, constables, coroners, county entry takers, county registers, county standard keepers and sealers of weights and measures, county surveyors and deputies, county trustees, judges, justices of the peace, notaries public, public administrators, public guardians, and sheriffs. Deputies are required to take the same oaths as their principals.

Neither the petitioner nor the commissioners, under whose appointment he holds, nor any one of them, has taken any oath to support the constitution of the State of Tennessee, or the United States of America, nor has any one of them taken an oath of office as such director or commissioner. This is indicative of a belief on their part and, we think, on the part of the chief executive and chief law enforcement officer of the State, that they have not been " chosen or appointed to any office of trust or profit under the state constitution, or any law made in pursuance thereof." We can not presume, or even suppose, that they have been holding such offices through a period of more than 20 years in violation of the constitution and laws of the State.

There are other reasons, however, more convincing than the mere fact that for a score of years they have not taken, or been required to take the oaths enjoined by the state constitution upon all its appointed or otherwise chosen officers. All state offices are created either by its fundamental law or some statutory enactment made in accordance with its requirements or authorization for the performance of some state function. The office of Commissioner of Goodwyn Institute was created by the testator under the will. The will, having been accepted by the State and made a part of its statutory law, must be followed. But, in following it, the State was neither creating new offices nor appointing new state officers. Nor was it delegating any part of its authority to agents, for it had no authority in this regard save and alone to reject the proffered trusteeship or to take and perform the action directed in the will as there directed. Having accepted either in part or in full and no more, it must perform the duties specified in the will and no more. It had no discretionary duties under the will. It must accept or reject; and, having accepted, it must either perform as required by the will of the decedent or refuse to perform. Its duties were purely fiduciary.

This practically disposes of the second question. There is, however, a further consideration which we deem important. While the legal title to the land and other property of the decedent passed, under the will and the deed, to the State, it was only the naked legal title. The will provides that " the title to the lot purchased and all other property shall be in the name of the State for the purposes of this trust solely." The equitable title passed to and remains in the *cestuis que trust*. Not one cent of the funds bestowed has ever gone into the state treasury, nor have any of the expenses incident to the trust been paid by appropriation from the treasury, nor can they be. The will provides that " all of the rents, profits, and income derived [from the trust] shall be faithfully used and applied together with any part of this legacy not used in purchasing or building (after payment of repairs, expenses, insurance et cetera) to pay lecturers, and the purchase of books, charts, maps, and apparatus." Petitioner is an employee of the trust. His employment is not a function of the sovereign State of Tennessee, nor is he an employee of the State.

*Judgment will be entered for the respondent.*

Considered by Sternhagen, Arundell, and Green.